3/2/2016 3:04:31 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-000922
Victoria Chambers

NO. D-1-GN-16-000922

| | | |
|---|---|---|
| DEBBIE MCWILLIAMS | § | IN THE 126th DISTRICT COURT |
| | § | |
| v. | § | OF |
| | § | |
| WILLIE WOOTEN and | § | |
| PASCHALL TRUCK LINES, INC. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiff DEBBIE MCWILLIAMS complaining of Defendants WILLIE WOOTEN and PASCHALL TRUCK LINES, INC. and for cause of action would show the Court as follows:

I.

This cause of action involves only monetary relief over $100,000.00 but not more than $200,000.00. Discovery in this case is to be conducted under Texas Rules of Civil Procedure 190.3, Discovery Control Plan, Level 2.

II.

Plaintiff DEBBIE MCWILLIAMS (TDL 991 SSN 772) is an individual residing at 3514 41st St. in Lubbock, Lubbock County, Texas 79413.

Defendant WILLIE WOOTEN (OHDL 554) is an individual residing at 1924 State Ave., Cincinnati, Ohio 45204, where service may be had upon Defendant, or at any location which Defendant WILLIE WOOTEN may be found.

Defendant PASCHALL TRUCK LINES, INC. is a Kentucky (Foreign) for profit corporation with a principal place of business at 3443 U.S. Highway 641 South, Murray, KY


EXHIBIT A

42071, which does business in and around Travis County, Texas, and which may be served through its officer/director and agent as follows: Randall A. Waller, 3443 U.S. Highway 641 South, Murray, KY 42071.

III.

The occurrence giving rise to this cause of action occurred in Travis County, Texas.

Personal Jurisdiction is proper in Texas because the Defendants WILLIE WOOTEN and PASCHALL TRUCK LINES, INC. have purposely availed themselves of the privileges and benefits of conducting business in Texas by committing a tort in Texas and by operating a motor vehicle (by and through agents, servants or employees) which was involved in a collision in Texas. Tex. Civ. Prac. & Rem. Code Sec. 17.042(2) and 17.061-17.069.

IV.

On or about April 3, 2015, Plaintiff DEBBIE MCWILLIAMS was operating a 2009 Honda Civic, traveling southbound on the 6100 block of N. IH-35 in Austin, Travis County, Texas in the left lane. Defendant WILLIE WOOTEN was operating a Freightliner Semi/Tractor Trailer, traveling southbound behind the Plaintiff. At all times material hereto the vehicle operated by Defendant WILLIE WOOTEN was owned or controlled by Defendant PASCHALL TRUCK LINES, INC. As Plaintiff slowed/stopped for traffic, the Defendant WILLIE WOOTEN followed too close, failed to control his speed and struck Plaintiff's vehicle from behind, forcing her into the rear of the vehicle directly in front of her.

As a result thereof, Plaintiff was caused to suffer serious bodily injuries and damages described with more particularity below.

V.

On April 3, 2015, Defendant WILLIE WOOTEN owed the Plaintiff a duty to operate his vehicle in a careful and lawful manner; but in violation of such duty, Defendant did operate said vehicle in violation of various civil and/or criminal statutes of the State of Texas, and did operate said vehicle in a negligent and careless manner, thus proximately causing and bringing about a collision with the Plaintiff's vehicle.

VI.

The Plaintiff would show that at the time and place of the collision hereinabove described, Defendant WILLIE WOOTEN was guilty of one or more of the following acts of negligence, to wit:

1. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

2. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question.

3. In failing to keep his vehicle under proper control so as to avoid the collision in question.

4. In failing to operate his vehicle without due regard for the rights of others.

5. In failing to operate his vehicle in a safe manner.

6. In failing to yield the right of way or take such other evasive action so as to avoid the collision in question.

7. In failing to sound his horn or warn the Plaintiff in any other manner of the Defendant's inability to stop.

8. by taking faulty evasive action to avoid collision;

9. In "failing to yield the right of way" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.151.

10. by "failing to control his speed" and "traveling faster than reasonably prudent under the circumstances" as those acts are prohibited under the Texas Transportation Code Ann. Sec. 545.351 and 545.352.

3

11. In "following too close" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.062.

12. In "making an unsafe movement" and "driving in an improper lane" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.103, 545.402 and 545.051-545.063.

Upon information and belief, Defendant PASCHALL TRUCK LINES, INC. is the carrier for the commercial vehicle(s) involved in this accident, and the employer of Defendant WILLIE WOOTEN with a right over control over the commercial vehicle(s) and driver in question.

The negligence of Defendant WILLIE WOOTEN is attributable to Defendant PASCHALL TRUCK LINES, INC. as the employer of WILLIE WOOTEN. Plaintiff specifically invokes the doctrine of respondeat superior with respect to the acts and omissions of Defendant WILLIE WOOTEN which were performed within the course and scope of his duties/employment with Defendant PASCHALL TRUCK LINES, INC. Plaintiff further allege that there exists a statutory agency relationship between Defendant WILLIE WOOTEN and Defendant PASCHALL TRUCK LINES, INC.

PASCHALL TRUCK LINES, INC. was the owner or carrier for the semi-tractor/trailer operated by Defendant WILLIE WOOTEN at the time of the accident made the basis of this suit. Plaintiff would show that Defendant PASCHALL TRUCK LINES, INC. by and through its agents, servants or employees, was negligent and negligent per se in one or more of the following respects,

1. negligently entrusting one of its vehicles to an incompetent or reckless driver;

2. by failing to properly maintain its vehicles.

4

3. by failing to provide and/or enforce driving safety policies to individuals to whom it entrusted its vehicles;

4. By failing to exercise reasonable care in the hiring, training and supervision of its drivers to whom it entrusted its vehicles.

5. by failing to properly maintain its vehicles as that act is prohibited by 49 CFR 396.13, et Seq.

Each of these acts and omissions, singularly or in combination with others, were negligent and one or more of these acts constituted negligence *per se* and such negligence was a proximate cause of the accident made the basis of this lawsuit and of the injuries and damages suffered by the Plaintiff.

## VII.

As a direct and proximate result of the aforesaid collision and such negligence and/or *per se* negligent act(s) by Defendants as stated herein, the Plaintiff DEBBIE MCWILLIAMS has:

1. sustained and suffered severe personal injuries to her shoulders, neck and back, and to her body generally, and has incurred medical bills and expenses for which she prays Judgment. These expenses were incurred for reasonable and necessary care and for the treatment of injuries resulting from the incident complained of herein. It is reasonably probable that DEBBIE MCWILLIAMS will incur additional medical expenses in the future for which she now sues.

2. suffered great physical and mental pain, suffering and anguish in the past. As a further result of the nature and consequences of her injuries, DEBBIE MCWILLIAMS will, in all probability, continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

3. suffered physical impairment. It is reasonably probable that DEBBIE MCWILLIAMS's physical impairment resulting from the foregoing injuries is of a lasting nature.

4. suffered physical disfigurement. It is reasonably probable that DEBBIE MCWILLIAMS's physical disfigurement resulting from the foregoing injuries is of a lasting nature.

5. Suffered loss of earning capacity in the past and future, including lost wages.

All of the foregoing damages as alleged above are within the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants WILLIE WOOTEN and PASCHALL TRUCK LINES, INC. be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants for all damages proved, jointly and severally; for costs of Court; for pre-judgment interest in accordance with the law, and interest on the judgment until the time the judgment is paid; and for such other and further relief to which Plaintiff may show herself justly entitled to receive and for which she will ever pray.

Respectfully submitted;

*DAVIS W. SMITH, P.C.*
1220 Avenue K
Lubbock, Texas 79401
Telephone: (806) 744-4477
Facsimile: (806) 744-2671
Email: efile@gorillalawfirm.com

By: _____
DAVIS W. SMITH
SBN: 00791681
E. RYNE HUTCHESON
SBN: 24076096